IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–02855–CMA–KMT

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, an Indiana Corporation,

     Plaintiff,

v.

SHARON MARCHIOL,

     Defendant.

---

**CERTIFICATION OF FACTS PURSUANT TO 28 U.S.C. § 636(e)(6) AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

     This matter is before the court on Defendant Sharon Marchiol's failure to respond to this

court's Order to Show Cause (Doc. No. 26, filed October 23, 2012) ("Order to Show Cause").

This court hereby CERTIFIES the following facts to the district judge pursuant to 28 U.S.C. §

636(e)(6) and respectfully RECOMMENDS that the district judge require that Defendant Sharon

Marchiol appear before her to show cause why she should not be adjudged in contempt by

reason of the certified facts.

     This court's Order to Show Cause required that Defendant Marchiol show cause in

writing on or before December 4, 2012, why this court should not certify this matter to the

district judge for a contempt hearing against Defendant Marchiol for failure to comply with this

Court's orders and for failure to respond to Post-Judgment Interrogatories and Requests for

Production of Documents.  In addition, the Order to Show Cause set the matter for an evidentiary

hearing on December 11, 2012, at 1:30 p.m., at which time this court would require the plaintiff to present evidence establishing the existence of the alleged contempt. *See United States v. Professional Air Traffic Controllers Org.*, 703 F.2d 443, 445 (10th Cir. 1983) (holding that "proof of [civil] contempt must be clear and convincing"). The Order to Show Cause notified Defendant Marchiol that she was entitled to be present at the hearing; to be represented by counsel; and to present evidence in response to the Order to Show Cause and any evidence presented by the plaintiff.

The plaintiff was required to personally serve Defendant Marchiol with the Order to Show Cause by December 4, 2012, and to provide proof of that service by December 7, 2012. Consistent with my order, the plaintiff filed Returns of Service establishing that copies of the Order to Show Cause were served as follows:

- By a private process server on Defendant Marchiol by personal service at her business address on November 6, 2012 (Doc. No. 30, Ex A);

- By the Arapahoe County Sheriff's On Department on Defendant Marchiol by personal service at her business address on November 8, 2012 (Doc. No. 28, Ex. B.); and

- By certfied mail with Restricted Delivery and Return Receipt Requested to Defendant Marchiol's residence on November 3, 2012 (Doc. No. 30, Ex. C).

Fed. R. Civ. P. 4(e)(2)(A) allows personal service on an individual by "delivering a copy of the document to the individual personally. This court finds that personal service of the Order to Show Cause was properly effectuated on Defendant Marchiol.

Defendant Marchiol failed to respond to the Order to Show Cause. According to the private process server, when he served Defendant Marchiol she stated, "You can serve me all you want but I will never answer." (Doc. No. 30, Ex. A.) This court held the evidentiary hearing on the Order to Show Cause on December 11, 2011, at which time Plaintiff's attorney appeared and presented evidence. (*See* Doc. No. 32.) Defendant Marchiol did not appear at the hearing.

As a preliminary matter, this court recognizes that a magistrate judge lacks the authority to enter a contempt citation under the facts presented here. Although 28 U.S.C. § 636(e) confers contempt powers on a magistrate judge under certain circumstances, those powers do not extend to civil contempts occurring outside the presence of the magistrate judge in cases not subject to consent under 28 U.S.C. § 636(c). The contempt procedure applicable to the facts presented here is set out in 28 U.S.C. § 636(e)(6), as follows:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and if it is such as to warrant punishment, punish such person in the same manner and to the same extend as for a contempt committed before the district judge.

In connection with certifying the facts to the district judge, "the magistrate judge may conduct a hearing, but the magistrate judge functions only to certify the facts and not to issue any order of contempt." *Bowens v. Atlantic Maintenance Corp.*, 546 F.Supp.2d 55, 71 (E.D.N.Y. 2008)(internal citations and quotations omitted). This initial show cause order and hearing merely provides the respondent with an opportunity to explain her conduct prior to the matter being certified to the district judge for a contempt hearing. In addition:

> If the [magistrate judge] finds [the respondent's] explanation to be satisfactory, she may choose not to certify the matter for further proceedings. If this result occurs, the [magistrate judge's] preliminary show cause hearing will have been an efficient means of disposing of the matter. On the other hand, should the [magistrate judge] not be satisfied with [the respondent's] explanation, she cannot adjudicate the matter [herself], but must follow the certification process of § 636(e).

*In re Kitterman*, 696 F.Supp. 1366, 1370 (D. Nev. 1988).

The United States Supreme Court has stated that "[t]here can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966). Similarly, the Tenth Circuit Court of Appeals has stated that a "court's interest in ensuring a party's compliance with its orders is a great one, enforceable by fines or imprisonment." *Ohlander v. Larson*, 114 F.3d 1531, 1541 (10th Cir .1997).

Civil contempt is a proper means to enforce an injunction. *Federal Trade Comm. v. Kuykendall*, 371 F.3d 745 (10th Cir. 2004). An order of civil contempt must be supported by clear and convincing evidence establishing (1) the existence of a valid court order, (2) that the

defendants had actual knowledge of the order, and (3) that the defendants disobeyed the order. *Kuykendall*, 371 F.3d at 756–57.

## CERTIFIED FACTS

This court  hereby finds and certifies the following facts material to the issue of contempt:

1.      On November 2, 2011, Plaintiff filed its Complaint against Defendant Sharon Marchiol.  (Doc. No. 1.)  Plaintiff properly served Defendant Marchiol with the Summons, Complaint, and related case-initiating documents on December 5, 2011.  Service was accomplished by refusal in accordance with Fed. R. Civ. P. 4(e)(1) and Colo. R. Civ. P. 4(k). (Doc. No. 5.)

2.      On December 13, 2011 Plaintiff filed the Summons Returned Executed with the Court (Doc. No. 5) and contemporaneously served it, along with additional copies of the Complaint and case-initiating documents, to Defendant Marchiol at both her residence and place of business via Federal Express.  (Doc. No. 6-1).  FedEx delivery confirmations from the FedEx website confirm that Sharon Marchiol personally signed for the FedEx delivery at her residence on December 15, 2011.  (Doc. No. 6-2.)

3.      Defendant Marchiol failed to answer or otherwise respond to Plaintiff's Complaint.  On January 9, 2012, Plaintiff filed its Motion for Entry of Default, which was served upon Defendant via U.S. Mail.  (Doc. No. 6.)  The Clerk of the Court entered default on January 26, 2012.  (Doc. No. 8.)  Plaintiff then filed its Motion for Entry of Default Judgment on February 24, 2012, again serving Defendant Marchiol with a copy via U.S. Mail.  (Doc. No. 10.)

4.      On February 29, 2012, District Judge Christine M. Arguello entered default judgment against Defendant Marchiol.  (Doc. No. 11.)  Plaintiff served Defendant Marchiol with copies of the Order of Judgment (Doc. No. 11) and the subsequent Default Judgment entered by the Clerk (Doc. No. 12) via FedEx, which again was signed for by Defendant Marchiol.

5.      On August 15, 2012, Plaintiff served, via certified mail, Post-Judgment Interrogatories and Requests for Production of Documents on Defendant Marchiol in accordance with Fed. R. Civ. P. 69 and Colo. R. Civ. P. 69.  (Doc. No. 22-1.)  Defendant Marchiol failed to respond to Plaintiff's Post-Judgment Interrogatories or Requests for Production of Documents.

6.      On September 19, 2012, Plaintiff filed a Motion to Compel Post-Judgment Discovery Responses (Doc. No. 22) and this court set a motion hearing of the same on October 22, 2012.  (Doc. No. 24.).  The court ordered Defendant Marchiol to appear in person at the hearing and warned her that her failure to appear in person at the hearing, with or without counsel, may result in findings of contempt and/or liability for costs and attorney fees against her. (*Id.*)  The Clerk of Court mailed a copy of the Minute Order to Defendant Marchiol on October 3, 2012.  (Doc. No. 25.)

7.      Defendant Marchiol did not appear at the hearing on October 22, 2012.

8.      On October 23, 2012, this court issued an Order to Show Cause returnable by Defendant Marchiol for failure to comply with this court's previous orders.  (Doc. No. 26.)  The court directed Plaintiff to personally serve Defendant with that order.  (*Id.*)  The court also ordered Defendant Marchiol to respond to the Order to Show Cause in writing by December 4, 2012.  (*Id.*)

9.      In accordance with the court's Order to Show Cause (Doc. No. 26), Plaintiff

effected personal service of that order on Defendant Marchiol, utilizing a private

process server, on November 6, 2012.  (Doc. No. 30, E. A.)  Defendant Marchiol also was served

with a second copy of the court's Order to Show Cause by the Arapahoe County Sheriff's

Department on November 8, 2012. (Doc. No. 28, Ex. B.)  Plaintiff filed its Return of Service on

November 27, 2012.  (Doc. No. 28.)

10.     Defendant Marchiol failed to respond to the Order to Show Cause and failed to

appear at the hearing on December 11, 2012.

11.     Defendant Marchiol has been properly served by Plaintiff with all applicable

documents in this case, including the Summons and Complaint (Doc. No. 5), Motion to Enter

Default (Doc. No. 6), Motion to Enter Default Judgment (Doc. No. 10), Post-Judgment

Interrogatories and Request for Production of Documents (Doc. 22-1), Motion to Compel

Post-Judgment Discovery Responses (Doc. No. 22), and Order to Show Cause (Doc. No. 26)

pursuant to Rule 4 of the Federal Rules of Civil Procedure and Rule 4 of the Colorado Rules of

Civil Procedure.

## RECOMMENDATION

In view of the Certified Facts, this court respectfully **RECOMMENDS** that the district

judge require Defendant Marchiol to appear before her to show cause why she should not be

adjudged in contempt.  It is

**ORDERED** that the plaintiff shall effect personal service of this Certification of Facts

Pursuant to 28 U.S.C. § 636(e)(6) and Recommendation of United States Magistrate Judge on

7

Defendant Marchiol on or before January 7, 2013, and provide proof of that service to the court on or before January 11, 2013.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

8

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 19th day of December, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge