**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02855-CMA-KMT

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, an Indiana corporation,

     Plaintiff,

v.

SHARON MARCHIOL,

     Defendant.

---

## ORDER TO SHOW CAUSE

---

     This matter is before the Court on the December 19, 2012 Recommendation of United States Magistrate Judge Kathleen M. Tafoya (Doc. # 33), certifying facts and recommending that Defendant Sharon Marchiol appear before this Court to show cause why she should not be held in contempt.[1]  Also before the Court is Plaintiff Lincoln National Life Insurance Company's ("Plaintiff") Motion to "(1) Find that Defendant Has Been Adequately Served; (2) Set a Contempt Hearing; and (3) Issue a Bench Warrant for Defendant" (the "Contempt Motion")  (Doc. # 37.)

## I.  BACKGROUND

     After default judgment was entered against Defendant on February 29, 2012, (Doc. # 12), Plaintiff served, via certified mail, Post-Judgment Interrogatories and

---

[1]  No objections have been filed to the Magistrate Judge's Recommendation.

Requests for Production of Documents on Defendant Marchiol in accordance with Fed. R. Civ. P. 69.  (Doc. # 22-1.)  Defendant Marchiol failed to respond to the discovery requests and so Plaintiff filed a Motion to Compel Post-Judgment Discovery Responses.  (Doc. # 22.)  The Magistrate Judge set a hearing on the motion to compel for October 22, 2012, and ordered Defendant to appear in person.  (Doc. # 24.) The Magistrate Judge warned Defendant that "her failure to appear in person at the hearing, with or without counsel, may result in findings of contempt and/or liability for costs and attorney fees against her."  (Doc. # 24.)

Defendant failed to appear at the October 22, 2012 hearing.  The next day, the Magistrate Judge issued an Order to Show Cause for her failure to appear at the hearing.  (Doc. # 26.)  The Magistrate Judge ordered Defendant to show cause in writing on or before December 4, 2012 and set a hearing on the Order to Show Cause for December 11, 2012.  (Doc. # 26 at 3.)  Both of these dates passed without any response by Defendant.  Thus, on December 19, 2012, the Magistrate Judge certified facts to this Court under 28 U.S.C. § 636(e)(6) and recommended that this Court set a show cause hearing.  (Doc. # 33.)  The Magistrate Judge also ordered Plaintiff to personally serve the December 19, 2012 Certification of Facts and Recommendation (the "Certification") on Defendant before January 7, 2013 and provide proof of that service on or before January 11, 2013.  (*Id.* at 7-8.)

Plaintiff was unable to effect personal service of the Certification on Defendant by January 7, 2013 and filed a motion for extension of time, which was granted on January

2

9, 2013.[2]  (Doc. ## 34, 36.)  Despite the extension of time, Plaintiff has still been unable

to personally serve the Certification on Defendant.  (Doc. # 37 at 2.)  Prior to obtaining

the extension of time, Plaintiff employed a process server who made five unsuccessful

attempts to personally serve the Certification at Defendant's residence and her business

address.  (Doc. # 34-1.)  Plaintiff also sent the Certification to Defendant's residence

and business address via U.S. Certified Mail, Restricted Delivery.  (Doc. ## 34-2, 34-3.)

After the extension of time, Plaintiff's process server made at least ten additional

attempts to serve Defendant.  (Doc. # 37-1.)  One employee at Defendant's business

address told the process server that Defendant had taken all her belongings and would

never be back, despite the fact that Defendant's pictures and personal effects were still

in plain sight.  (*Id.*)  Plaintiff engaged the Arapahoe County Sheriff's Office to serve

Defendant with the Certification, but the Sheriff's Office was also unsuccessful.  (Doc. #

37-2.)  Plaintiff also sent another copy of the Certification via Certified Mail, Restricted

Delivery.  (Doc. # 37-3.)

## II.  DISCUSSION

In its Contempt Motion, Plaintiff first requests that the Court find that service

has been effectuated.  (Doc. # 37 at 4.)  At the outset, the Court notes that service

is technically not necessary under the Federal Rules of Civil Procedure.  *See* Fed. R.

---

[2]   Plaintiff had personally served Defendant with all prior applicable documents, including the Summons and Complaint (Doc. # 5), Motion to Enter Default (Doc. # 6), Motion to Enter Default Judgment (Doc. # 10), Post-Judgment Interrogatories and Request for Production of Documents (Doc. # 22-1), Motion to Compel Post-Judgment Discovery Responses (Doc. # 22), and Order to Show Cause.  (Doc. # 26.)

Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear.")

Furthermore, Plaintiff has mailed the Certification to Defendant's last known address

and so Defendant has been served under the Federal Rule of Civil Procedure.  *See*

Fed. R. Civ. P. 5(b)(2)(C) (providing that a paper is served by "mailing it to the person's

last known address . . . ").

Although the Magistrate Judge ordered Plaintiff to personally serve Defendant,

Plaintiff has been diligent in attempting to comply with that order.  Plaintiff's failure to

personally serve Defendant appears to be attributable to Defendant's active avoidance

of service.  Numerous attempts have been made to serve Plaintiff at her business

address, her last known residential address, as well as a third possible address.

(*See* Doc. # 37-1.)  Thus, considering Defendant's recalcitrance, the Court will not

require Plaintiff to make any further attempts at personally serving Defendant.

In a motion for civil contempt, plaintiffs have the "burden of proving, by clear and

convincing evidence, that a valid court order existed, that the defendant had knowledge

of the order, and that the defendant disobeyed the order."  *United States v. Ford*, 514

F.3d 1047, 1051 (10th Cir. 2008) (quotation marks and citation omitted).  Based on the

facts certified by the Magistrate Judge, which are adopted by this Court, it appears that

Plaintiff has met its burden of showing the propriety of contempt sanctions.

In her Recommendation, the Magistrate Judge recommended that the Court

require Defendant to appear before this Court to show cause why she should not be

held in contempt.  (Doc. # 33 at 7.)  Plaintiff also requests a show cause hearing in its

4

Contempt Motion.  However, at this juncture, none of the relevant facts are in dispute and so the Court declines to hold a hearing.  *See Wyoming v. Livingston*, 443 F.3d 1211, 1224 (10th Cir. 2006) ("There is no need for a court to hold an evidentiary hearing in a matter when there are no material facts in dispute."); *Rossi Ventures, Inc. v. Pasquini*, No. 11-cv-02838, 2012 WL 5949770, at *7 (D. Colo. Nov. 28, 2012) (unpublished) (finding "it need not conduct an evidentiary hearing to rule on [p]laintiffs' contempt motion.")  Plaintiff has already proven the relevant facts to the satisfaction of the Magistrate Judge, the facts found by the Magistrate Judge are consistent with the record, and no objections have been filed.  Thus, rather than holding an evidentiary hearing, as recommended by the Magistrate Judge and requested by Plaintiff, the Court will instead issue an order for Defendant to show cause in writing why she should not be held in contempt.[3]

### III.  CONCLUSION

Accordingly, it is ORDERED that United States Magistrate Judge Kathleen M. Tafoya's "Certification of Facts Pursuant to 28 U.S.C. § 636(e)(6)" (Doc. # 33) is ADOPTED in whole by the Court.  The Recommendation is REJECTED insofar as she recommended holding a hearing and ADOPTED and AFFIRMED in all other respects.

FURTHER ORDERED that Plaintiff's Contempt Motion (Doc. # 37) is GRANTED IN PART and DENIED IN PART.  Specifically, the Court GRANTS the Contempt Motion

---

[3]   In the Contempt Motion, Plaintiff requests that the Court issue a bench warrant for Defendant's arrest.  The Court finds this request premature as Defendant has not yet been found to be in contempt.  However, if Defendant does not respond to this Order to Show Cause, the Court will issue a bench warrant for her arrest.

insofar as it requests the Court find that Defendant has been adequately served, and DENIES the Contempt Motion in all other respects.

FURTHER ORDERED that Defendant Marchiol shall show cause, in writing, **no later than 12:00 p.m., March 8, 2013** as to why this Court should not hold her in contempt.  If Defendant does not respond to this Order to Show Cause, **the Court will issue a bench warrant for her arrest**.

FURTHER ORDERED that the Clerk of the Court shall send copies of this Order and the Certification (Doc. # 33) to the three addresses listed in Plaintiff's process server's affidavit.  (Doc. # 37-1.)

DATED:  February   22  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge